IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | No. 24-cv-04976 |
| Plaintiff, | |
| v. | Judge John F. Kness |
| IJ WIRELESS INC, | |
| Defendant. | |

### ORDER

Plaintiff's motion for default judgment (Dkt. 18) is granted. Final judgment is entered in favor of Plaintiff Jorge Alejandro Rojas and against Defendant IJ Wireless Inc, the sole remaining defendant in this case. See accompanying Statement for details.

### STATEMENT

**Background**

Plaintiff filed the operative complaint in this case against Defendant IJ Wireless Inc ("IJ Wireless")[1] on September 12, 2024, alleging that Defendant telephonically contacted Plaintiff without prior express consent in violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"), and 47 C.F.R. § 64.1200, a regulation thereunder. (Dkt. 8; Dkt. 18.)

On May 6, 2025, Plaintiff moved for an entry of default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 10) Because Defendant never appeared through counsel and did not answer Plaintiff's complaint or otherwise plead, the Court entered a default against Defendant on July 7, 2025. (Dkt. 16.) Plaintiff then moved for default judgment. (Dkt. 18.) Plaintiff served copies of the Court's default order and Plaintiff's motion for default judgment on Defendant by various methods. (Dkt. 19.) As of the date of this Order, Defendant has not appeared

---

[1] Plaintiff filed an initial complaint against IJ Wireless and multiple individual defendants in June 2024. (Dkt. 1; Dkt. 5.) Plaintiff amended his complaint to name other individual defendants (Dkt. 8), but Plaintiff then voluntarily dismissed all the individual defendants (Dkt. 14), leaving IJ Wireless as the sole defendant in the case.

in this action through counsel and has not responded to the motion for default judgment.

**Legal Standard for Entry of Default and Default Judgment**

Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to file an answer within 21 days after the service of the summons and complaint. The failure to do so may result in the defendant's default under Rule 55(a). When a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55(b). Upon the entry of default, the "well-pled allegations of the complaint relating to liability are taken as true . . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Entry of default judgment is left to the sound discretion of the district court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (Although the law favors trial on the merits, "these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants.").

**Liability of Defendant**

Defendant failed to file a valid answer within 21 days of service of the amended complaint. As a result, the Court must accept as true the well-pleaded allegations of Plaintiff's amended complaint concerning liability. *Wehrs*, 688 F.3d at 892. Plaintiff alleges that he received three telephone calls from Defendant to his residential cellular telephone line in violation of the TCPA. (Dkt. 8 ¶¶ 27–76.) Plaintiff further alleges that he never expressed consent to receive these calls and that he had placed his telephone number on the national Do-Not-Call registry. (*Id.* ¶ 55; Dkt. 18-3.) Per Plaintiff's amended complaint, these calls constituted violations of § 227(b)(1) as well as § 227(c)(5) and 47 C.F.R. § 64.1200(c) and (d) thereunder. (Dkt. 8 ¶¶ 90–99.) Plaintiff also states that Defendant committed these statutory and regulatory infractions knowingly and willfully. (*Id.* ¶¶ 93, 98.) As contemplated by § 227, Plaintiff seeks to recover actual damages resulting from Defendant's alleged conduct, statutory damages (to include treble damages because Defendant acted knowingly and willfully), costs resulting from litigation, pre and post-judgment interest, and injunctive relief prohibiting Defendant from committing future violations of the TCPA. (*Id.* at 10.)

**Damages**

Upon default, the "well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs*, 688 F.3d at 892 (citing *Di Mucci*, 879 F.2d at 1497); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ." Fed. R. Civ. P. 55(b)(2). A judgment by default "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497.

Plaintiff states that Defendant owes a total of $9,000.00 in damages excluding interest as contemplated by 28 U.S.C. § 1961(a). (Dkt. 8 at 10; Dkt. 18.) Plaintiff's declaration, submitted as an exhibit to Plaintiff's motion for default judgment, supports Plaintiff's request in that it states that Plaintiff received three separate phone calls from Defendant, constituting three separate violations of 47 U.S.C. § 227(b)(1). (*See* Dkt. 18-1.) Defendant is statutorily liable for $500 for each violation, totaling $1,500 in damages under § 227(b). *See* § 227(b)(3)(B). In addition, Plaintiff submitted an email as an exhibit, which denotes that his residential telephone line had been added to the national Do-Not-Call registry, supporting three separate violations of § 227(c)(5), rendering an additional $1,500 in statutory damages. (Dkt. 18-3.) Plaintiff also alleges that he is entitled to treble damages because Defendant acted knowingly and willfully. Because district courts in the Seventh Circuit generally have interpreted "willful or knowing" when contemplating an award of treble damages under § 227 to mean "voluntary, intentional, actions, and not to require specific knowledge that the action constitutes a violation of the TCPA," the Court finds that Defendant acted knowingly and willfully in placing the calls at issue, enabling Plaintiff to recover treble damages for the $3,000 of total statutory damages. *See Hossfeld v. Allstate Ins. Co.*, 726 F. Supp. 3d 852, 880 (N.D. Ill. 2024) (internal quotations omitted). Because the amount sought by Plaintiff is capable of ascertainment from documentary evidence, the Court finds, without the need for an evidentiary hearing, that Plaintiff is entitled to $9,000.00.

**Conclusion**

For the reasons stated above, Plaintiff's motion for default judgment is granted. Plaintiff is entitled to $9,000.00 in damages.

SO ORDERED in No. 24-cv-04976.

Date: July 29, 2025

JOHN F. KNESS
United States District Judge

4